UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DIANE MOORE | : | CIVIL ACTION NO.: |
| | : | 301CV1018 (WWE) |
| Plaintiff | : | |
| | : | |
| V. | : | |
| | : | |
| CAPITAL REGION WORKFORCE | : | |
| DEVELOPMENT BOARD AND | : | |
| FRANCIS J. CHIARAMONTE, | : | |
| IN HIS OFFICIAL AND | : | |
| INDIVIDUAL CAPACITY | : | |
| | : | |
| Defendants | : | JULY 8, 2004 |

## DEFENDANTS' LOCAL RULE 56(a)1 STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENIUNE ISSUE TO BE TRIED

1. Plaintiff is an African American female individual and a member of a protected class. (Complaint ¶ 9).

2. Plaintiff was employed by Defendant Capital Region Workforce Development Board (CRWDB) from August 15, 1994 to March 31, 2000 as a full time receptionist/administrative assistant. (Complaint ¶ 3(a))

3. Plaintiff's job duties for Defendant CRWDB included serving as receptionist and backup support to other administrative assistants. (Complaint ¶ 7, Plaintiff's Depo. pg. 55 ln.16-17).

4. On or about March 31, 2000, Defendant terminated Plaintiff's employment and the reason given was "failure to perform her job duties in a manner acceptable for an employee of the CRWDB." (Complaint ¶ 12).

5. Ted Hale and Plaintiff were involved in a verbal confrontation regarding the validation of visitor parking at Plaintiff's place of business on or about February 2, 2000 (Complaint ¶ 13, Plaintiff's Depo, Pg 19, Line 9-25 – Pg 20 Line 1-14).

6. Plaintiff states that in response to her request for written clarification of parking validation procedures, Ted Hale stated "I'm not giving you a fucking thing. Just because you don't like the Bitch [Joan Sieverts], I'm not going to do all this shit. I don't give a shit what you need, I'm not giving you a fucking thing. If you want a memo, go to Frank [Chairamonte]. He's the one who authorized parking [for Business for Downtown Hartford] in the first place." (Complaint ¶ 18)

7. On or about February 2, 2000 Plaintiff filed a written complaint regarding the incident with Ted Hale. (Complaint ¶ 13, Plaintiff's Depo, Pg. 19, Line 9-25 – Pg 20, Line 1-14)

8. Defendant Frank Chiaramonte held a meeting on February 8, 2000 to discuss Plaintiff's charges against Ted Hale regarding the February 2, 2000 incident. (Complaint ¶ 14).

9. Ted Hale was not fired following the incident and the review thereof. (Depo. Pg. 22 Line 18-22)

10. On or about February 8, 2000 Plaintiff sought the assistance of Clarke King, a CRWDB executive board member, regarding her complaint against Ted Hale. (Plaintiff's Depo. Pg 11 Line 13-15).

11. Plaintiff was qualified for the position of receptionist/administrative assistant.

12. In February of 2000, Joan Sieverts distributed a Hartford Police Department security alert poster ("Poster") of an African American male who had been known to gain unauthorized access to business offices in the Hartford area. The Poster instructed that businesses should deny access to their premises by this individual and should call their security personnel immediately (Depo. pg. 33 ln. 9-25, Defendant's Exhibit D).

13. Plaintiff was given instructions by Wendy Tortomas, Plaintiff's immediate supervisor, to hold the individual pictured in the police department Poster at the front desk and call security immediately should the individual appear at the reception area when Plaintiff was present in the reception area. (Compaint as Amended ¶ 21)

14. Plaintiff is typically the first person that visitors to the CRWDB office would interact with when entering the CRWDB office suite (Plaintiff Depo. pg. 41 ln. 15-18)

15. On or about March 2, 2000 Defendant issued Plaintiff a written warning addressing performance related issues which were to be corrected within 30 days. (Complaint ¶ 23).

16. Plaintiff was terminated on or about March 31, 2000. (Complaint ¶ 12).

Respectfully submitted, this 8th day of July, 2004.

                                    DEFENDANTS, Capital Region
                                    Workforce Development Board, Inc.
                                    and Francis J. Chiaramonte

By: _____
       Thompson G. Page
       Attorney for Defendants
       Federal Bar #11665

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing Defendants' Local Rule 56(a)1 Statement of Material Facts as to Which There Is No Genuine Issue To Be Tried was mailed to Cynthia Jennings, The Barrister Law Group, 211 State Street, Bridgeport, CT 06604, on this the 8th day of July, 2004.

                                      _____
                                      Thompson G. Page